FLORENCE DORN v. HYMAN SUSSER.

Decided March 13, 1928.

Before GUMMERE, CHIEF JUSTICE, and Justices BLACK and LLOYD.

For the rule, *Edwin F. Smith.*

*Contra, Thomas F. Meehan.*

PER CURIAM.

The plaintiff in this case was a tenant of the defendant in an apartment house owned by the latter, in Jersey City. She sued to recover compensation for injuries received by her from a fall upon the stairway leading from the first to the second floor of the apartment house. Her suit is based upon the contention that her fall occurred after sundown on the 26th of October, 1925, and was occasioned by the failure of the defendant to comply with the requirement of the Tenement House act, which imposes upon the owner of an apartment house the duty of keeping the halls and stairways lighted therein from sunset until ten o'clock in the evening.

The plaintiff's story told upon the witness-stand was that she had been out shopping; that she came back to her apartment on the second floor of the building after sunset and, having entered it, found that the door into the hall would not close and that the lock was broken; that she then went into the parlor, and, after hanging up her hat and coat, went downstairs to tell the janitor of the broken lock, and that the hall and stairway were not lighted, and that while going down the stairway, she fell and received the injuries for which she has brought suit. The jury found a verdict in her favor, thereby declaring that the accident occurred after sunset and was the direct result of the failure of the defendant to light the hall and stairway. Our examination of the case satisfies us that this finding was contrary to the great preponderance of the evidence. The testimony of a number of disinterested witnesses called by the defendant made it perfectly clear that the hall and stairway was sufficiently lighted at the time of the accident for anyone to see where he or she was going, and what the surroundings were. In fact, the plaintiff herself, on her cross-examination, admitted that she could see the steps as she went downstairs. In this situa-

tion, it is quite plain that the fact that the artificial lights had not been turned on was not the proximate cause of the accident, even if it be assumed (although the evidence strongly preponderates in favor of a contrary view) that it occurred after sundown.

The rule to show cause will be made absolute.